UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Tyrone Hurt, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-1396 (CKK) |
| | : | |
| Margaret Quick, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM

This matter is before the Court on its initial review of the complaint pursuant to 28 U.S.C. § 1915(e). Under this statute, the Court "shall" dismiss "at any time" the case of a plaintiff permitted to proceed *in forma pauperis* upon a determination that the complaint, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). This case qualifies for such treatment and therefore will be dismissed.

Plaintiff, a District of Columbia resident, sues the former chairperson of the defunct District of Columbia Board of Parole, Margaret Quick. He does not accuse Quick of any wrongdoing and therefore fails to state a claim upon which relief may be granted in her personal capacity. Plaintiff seeks "to eliminate certain or all conditions of parole," Complaint at 1, which he claims are in violation of the Eighth Amendment. *Id*. at 2-4. Plaintiff also seeks $1 trillion. The D.C. Board of Parole has been abolished and its responsibilities with respect to felons have been assumed by the United States Parole Commission. *See* D.C. Code § 24-131 (2001). Therefore, any claims arising from the acts of the D.C. Board of Parole, including the setting of parole conditions, are moot. *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) ("the National Capital Revitalization and Self- Government Improvement Act renders

moot plaintiffs' claims concerning parole hearings before the local Board of Parole, at least with respect to class members imprisoned for felonies"). Accordingly, the complaint will be dismissed.[1]

                                       _____s/_____
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge

Date: August 28, 2006

---

[1] A separate Order accompanies this Memorandum.