# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

U.S. COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT
SEP 0 6 2006
RECEIVED

Tyrone Hunt
_____
Plaintiff

vs.    Civil Action No. 06-1396-(CKK)

Margaret Quick
_____
Defendant

## NOTICE OF APPEAL

Notice is hereby given this _1st_ day of _September_, 20_06_, that

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the _28th_ day of _Aug._, 20_06_

in favor of _Defendant_

against said _plaintiff_

_____
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**    Please mail copies of the above Notice of Appeal to the following at the addresses indicated: 633 Indiana Ave. N.W., Wash, D.C. 0001

Sunt. for the D.C.
Wash, D.C 00001

Tyrone Hunt
461 H St. N.W. #517
Wash. D.C 00001
    Plaintiff
v.
Margaret Quick
    Defendant

Civil Action No. 06-1396-(CKK)

Motion for Notice of Appeal
in forma pauperis,

Comes Now, Tyrone Hunt, the Plaintiff, and respectfully moves to Honorable Panel of the U.S Court of Appeals for the D.C. Circuit, for leave to appeal in forma pauperis, for the following reasons:

1. Whether the court order entered on the date of Aug. 28, 06, dismissing the complaint, was an abuse of its' discretion, when all conditions of parole which said plaintiffs' parole was granted should be eliminated because pursuant to Title 28, Section 1915(e), U.S.C., said Statue, the Court "shall" dismiss "at any time" the case of a plaintiff permitted to proceed in forma pauperis upon a determination that the complaint, among other grounds, fails to state a claim upon

which relief may be granted is not only erroneously applied by said Memorandum by the Honorable Colleen Kollar-Kotelly, U.S. District Judge, pursuant to Title 28, Section 1915, U.S.C., (e)(2),(b)(iii), which qualifies for such treatment and therefore will be dismissed is in violation of the Plaintiffs' eighth (8th) Amendment Right to the U.S. Constitution. Moreover, the plaintiff respectfully states that former chairperson of the Defunct D.C. Board of Parole, Margaret Quick is erroneous because said plaintiff is of up-to-date-remains under supervision of the D.C. Board of Parole, so, therefore, said D.C. Board of Parole, is not Defunct, so, Plaintiffs' Memorandum delineated by said the Honorable Colleen Kollar-Kotelly, U.S. District Judge is in violation of the Plaintiffs eighth (8th) Amendment right to the U.S. Constitution. Moreover, plaintiff respectfully states that said complaint seeks "to eliminate certain or all conditions of parole" which he claims are in violation of the eighth (8th), Amendment right to the U.S. Constitution, in said Memorandum mentioned in civil action No. 06-1396 (CKK) is not only cruel and unusual punishment as applied but in violation of said Plaintiffs Fifth (5th)

(3)

Amendment Right to the U.S. Constitution. See: U.S. Constitution: Furthermore, plaintiff respectfully states that said D.C. Board of Parole alleges abolished and its' responsibilities with respect to felons have been assumed by the U.S. Parole Commission is negative and erroneous, false, See: Title 24-131, D.C. Code, (2001) and in violation of the eighth (8th) Amendment Right to the U.S. Constitution.

Furthermore, any claims arising from the acts of the D.C. Board of Parole, including the setting of parole conditions, are moot, (the National Capital Revitalization and Self-Govt. Improvement Act renders moot plaintiffs' claims concerning parole hearings before the local Board of Parole, at last with respect to class members imprisoned for felons is false, because parole releases imprisoned felons and set conditions suited to said release of said prisoners opposed to be administered probation for any said Honorable Court which sets there own conditions of probation do, therefore, there is a different between parole and probation, do, therefore, said Memorandum, is in violation of the of the plaintiffs' eighth (8th) Amendment Right to the U.S. Constitution! See, U.S. Constitution.

(A)

## Memorandum of Law.

1. See eighth (8th) Amendment Right to the U.S. Constitution. All cases concerning negligence.

## Relief

1. The Plaintiff seeks five (5) trillion dollars in punitive and monetary damages against said Defendant.

## Certification of Service.

I, Tyrone Hunt, the plaintiff, and respectfully states that I have upon this 1st Day of Sept., 06, have sent the foregoing notice of appeal, to the U.S. Court of Appeals for the D.C., to make service upon the Attorneys for appellee,

Respectfully Submitted,

/s/ Tyrone Hunt
(Appellant, Pro-Se)